IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| NORMAN LANDRY,<br>    Plaintiff,<br><br>  v.<br><br>OFFICER DEMACEDO and<br>CITY OF EAST PROVIDENCE,<br>    Defendants. | ) ) ) ) ) ) ) ) ) ) ) | No. 1:24-cv-00533-MSM-PAS |

ORDER

Mary S. McElroy, United States District Judge.

The defendants have filed a Motion for Judgment on the Pleadings (ECF No. 30), and by this Order the Court GRANTS it.

The Plaintiff's action complains that he was unlawfully stopped for driving an unregistered vehicle and that the car, in which he was living, was towed for that reason and its consequent lack of license plates. Mr. Landry has not responded to the Motion,[1] but the Court has independently reviewed its merits and concluded that, based on the facts alleged in the Complaint and on the law, it should be granted. Even if Mr. Landry had objected to it, or intends to, the Court's ruling would be the same.

---

[1] Mr. Landry did file a "Motion to Abate Defendants' Motion for Judgment on the Pleadings," (ECF No. 32), but that Motion was denied by Text Order of July 31, 2025.

Mr. Landry contends that because he was stopped by the officer *after* exiting the vehicle, the stop was unlawful. But the operative fact, evident from the Complaint, is that the officer had seen the car in motion, with Mr. Landry driving it, before Mr. Landry parked it. And, indeed, Mr. Landry cannot complain of an unlawful "stop" of the vehicle, as he asserts in the Complaint that he stopped it voluntarily in order to walk to a nearby house. Even though that driving conduct has no criminal penalties, it is a civil violation. R.I.G.L. §§ 31-3-18(b) and (c), 31-3-12. Rhode Island law authorizes, at least implicitly, the towing of the vehicle, R.I.G.L. § 31-22-14(a), and removal of a vehicle threatening public safety and convenience does not offend any constitutional provision, even if done without a warrant. *United States v. Coccia,* 446 F.3d 233, 238 (1st Cir. 2006).

As for the City of East Providence, Mr. Landry alleges that it has a policy that caused the violation of his rights, but since the Court has found no violation, that theory of liability fails. Moreover, Mr. Landry's allegations, designed to satisfy the standard *of Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95 (1978), are entirely conclusory.

Judgment shall enter for both Officer Demacedo and the City of East Providence.

SO ORDERED:

_____
Mary S. McElroy,
United States District Judge

Date: August 12, 2025.